IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY HARRIS,** | : | |
| **Plaintiff,** | : | **CIVIL NO. 1:CV-05-0920** |
| | : | |
| v. | : | **(Judge Kane)** |
| | : | |
| **JEFFREY A. BEARD, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM and ORDER

**I.    Background.**

Terry Harris, an inmate presently confined at the State Correctional Institution-Mahanoy ("SCI-Mahanoy") in Frackville, Pennsylvania, initiated this pro se civil rights complaint for injunctive relief (Doc. 1) filed pursuant to the provisions of 42 U.S.C. §1983.  Plaintiff also filed motions for leave to proceed in forma pauperis (Docs. 4 and 8).  Named as Defendants are various officials at SCI-Mahanoy, officials at the State Correctional Institution at Camp Hill, Pennsylvania, and administrators for the Pennsylvania Department of Corrections.  Plaintiff claims that he is being denied: (1) due process, (2) an ability to exhaust administrative remedies, and (3) access to the courts on a regular basis by the Defendants.  For relief, he seeks injunctive relief directing Defendants to discontinue the alleged denials.  For the reasons outlined below, the complaint will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g), and the motions to proceed in forma pauperis will be denied.

**II.    Discussion.**

28 U.S.C. § 1915(g) bars a federal civil action by a prisoner proceeding in forma pauperis if he or she has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Since 1996, Harris has initiated no less than four (4) civil actions in this Court. All four actions were dismissed on grounds that they were frivolous or failed to state a claim upon which relief may be granted. See Harris v. Merwede, Civil No. 3:96-CV-1820 (M.D. Pa. Nov. 26, 1996) (Vanaskie, J.) (frivolous); Harris v. Kuhn, Civil No. 3:98-CV-0888 (M.D. Pa. Dec. 14, 1998) (Kane, J.) (frivolous); Harris v. Duran, Civil No. 1:98-CV-1908 (M.D. Pa. Mar. 24, 2000) (Kane, J.) (failure to state a claim); Harris v. Duran, Civil No. 1:03-CV-1051 (M.D. Pa. Aug. 19, 2004) (Conner, J.) (frivolous).

There is no indication that this inmate is in danger of imminent serious physical injury. Harris' instant allegations relate to claims of quality and use of library materials, his inability to obtain sufficient paper, pens, and other materials to pursue his pending and potential legal actions, and his lack of funds to pursue such claims. There is no averment of any serious physical danger. Although he claims his "health is getting worst (sic), [and] not being able to get access to the court is not helping his problem . . ." (Doc. 2 at 3), he does not allege any imminent serious physical consequences that flow from the Defendants' challenged actions. Thus, the above-captioned action will be dismissed under § 1915(g). An appropriate order follows.

**III.    Order.**

**AND NOW, THIS 31st   DAY OF MAY, 2005**, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1.       Plaintiff's motions for leave to proceed in forma pauperis (Docs. 4 and 8) are **DENIED**.

2

2.	Plaintiff's complaint (Doc. 1) is **DISMISSED**, without prejudice, pursuant to the provisions of 28 U.S.C. § 1915(g)**.**

3.	The Clerk of Court is directed to close this case.

4.	Any appeal taken from this Order will be deemed frivolous, without probable cause, and not taken in good faith.  See 28 U.S.C. § 1915(a)(3).

S/ Yvette Kane
YVETTE KANE
United States District Judge
